WATSON COMPANY ET AL. v. OGBURN GRAVEL COMPANY ET AL.

No. 3505.  Decided December 10, 1919.

(217 S. W., 373)

**Mechanics' Lien—Contractor—Sub-Contractor.**

The rulings in Wilson v. Sherwin Williams Co., *ante,* p. 156, are followed and held to determine the disposition of this case.  (P. 162).

Error to the Court of Civil Appeals for the Fifth District, in an appeal from Dallas County.

The Watson Co., interpleaded in a suit involving various claims for mechanics' and materialmen's liens arising out of its construction of a building for Neiman-Marcus Co., sought adjustment of the rights of such claimants.  There were numerous parties, and their rights as settled by decree of the trial court were reviewed on error prosecuted by the Ogburn Gravel Co., the Baldwin-Harry Co., and H. L. Tennison, Ogburn Gravel Co., et al., v. Watson Co., et al., 190 S. W., 205, where the judgment of the trial court was partly affirmed and partly reversed and rendered.  Thereupon the American Surety Co. and the Watson Co., obtained writs of error by separate applications.

*Holloway & Holloway,* for plaintiff in error Watson Co.—Arts. 5623 and 5625 make "notice in writing of each item as the same was furnished" a condition of the lien in all cases and it was within the power of the Legislature to attach this condition when necessary to protect the contractor to the extent of payments made by him after the materials were furnished and before the notice was given. Spann v. King, 121 S. W., 207;  Nichols v. Dickson, 99 Texas, 263, 268; Johnson v. Amarillo Imp. Co., 88 Texas, 505;  Berry v. McAdams, 93 Texas, 431;  Constitution, art. 16, sec. 37;  Revised Statutes of Texas (1914), art. 5623;  Padgitt, v. Dallas Brick Constr. Co., 92 Texas, 623;  Nichols v. Dixon, 99 Texas, 263.

The right to a lien, under Revised Statutes, art. 5623, in favor of one furnishing material for the construction of a building upon contract with a sub-contractor does not depend upon the state of accounts between the contractor and sub-contractor at the time notice was served, but upon that between the owner and the con-tractor. The purpose of the statutes requiring notice to the owner of material furnished to a contractor for the erection of buildings under contract on property of the owner is, that the owner may withhold from the contractor moneys that should be paid to those furnishing material, and that purpose is met when notice is given while the owner still has enough of the contract price in his hands to pay the claim.

, *Adams & Stennis,* for defendant in error American Surety Co.— In making payments to a sub-contractor, the original contractor is protected by the provision of art. 5623, confining the lien to ''the material furnished at the time or subsequent to the giving of the written notice,'' and by the provision of art. 5625, requiring ''notice in writing of each item as the same was furnished.'' Johnson v. Amarillo Imp. Co., 88 Texas, 505; Nichols v. Dixon, 99 Texas, 263; Berry v. McAdams, 93 Texas, 431; 2 Jones, Liens, sec. 1294, p. 512, and sec. 1455, p. 1387; 27 Cyc., 206.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

The same question as is raised by the assignment on which the writ of error was granted in this case, on application referred to the Committee of Judges from the Courts of Civil Appeals, has been determined adversely to plaintiffs in error in an opinion this day filed in case No. 2673, J. B. Wilson et al. v. Sherwin-Williams Co.

We have examined the other assignments and find no error in the action of the Court of Civil Appeals.

It is therefore ordered that the judgment of the Court of Civil Appeals be affirmed.

*Affirmed.*